# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Janet Molesky, and Michael Wichowski, individually and on behalf of all others similarly situated, | Docket  3:15-cv-02051-EMK |
| | (JUDGE EDWIN M. KOSIK) |
| Plaintiffs, | Complaint – Class Action |
| v. | FILED ELECTRONICALLY |
| Capital Management Services, LP, | |
| Defendant. | |

## Second Amended Complaint

### I. Introduction

1.      This is an action for damages brought by Plaintiffs individually and on behalf of all others similarly situated for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the Act") which prohibits debt collectors from engaging in abusive, unfair, and deceptive practices.

### II. Jurisdiction and Venue

2.      Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d), which permits an action under the Act to be brought in any court of competent jurisdiction.

3.      Venue in this district is proper in that Defendant transacts business here and the conduct complained of is alleged to have occurred here.

### III. Parties

4.     Plaintiff Janet Molesky is a natural person residing at 442 West Third Street, West Wyoming, PA 18644.

5.     Plaintiff Michael Wichowski is a natural person residing at 326 Spruce Street, Apartment 302, Scranton, PA 18503

6.     Defendant, Capital Management Services, LP, ("Capital") is a limited partnership engaged in the business of collecting debts in this state with a place of business located at 698 1/2 South Ogden Street, Buffalo, NY 14206 and is a "debt collector" as defined by the Act, 15 U.S.C. § 1692a(6).

### IV. Statement of Claim

7.     Within the past year Capital was attempting to collect allegedly defaulted consumer accounts from Plaintiffs.

8.     The consumer accounts that Capital was attempting to collect were "debts" as that term is defined by the Act, 15 U.S.C. § 1692a(5).

9.     Capital regularly uses the mails to attempt to collect debts asserted to be due another.

10.    On or about July 21, 2014, Capital caused to be mailed a letter addressed to Molesky.

11.    The letter was an attempt to collect an alleged account that was identified by a number ending in 9990 ("the Molesky Account").

12.    A true and correct copy of the letter is attached as Exhibit A. (Redacted to comply with Fed.R.Civ.P. 5.2(a) and LR 5.2.)

13.    On or about January 22, 2015, Capital caused to be mailed a letter addressed to Wichowski.

14.    The letter was an attempt to collect an alleged account that was identified by a number ending in 2782 ("the Wichowski Account").

15.    The letters were mailed in envelopes. The mailing addresses for the letters were not physically printed on the outside of the envelopes, and instead were visible through glassine envelope windows.

16.    The mailing addresses appeared as follows:

T17  P1******AUTO**MIXED AADC 140
Janet A Molesky
442 W 3RD ST
WEST WYOMING, PA  18644-1718



T49  P1******AUTO**MIXED AADC 140
Michael W Wichowski
326 SPRUCE ST APT 302
SCRANTON, PA  18503-1429

(Redacted for financial privacy). The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

17.    Each of the redactions above the mailing addresses that are displayed in the previous paragraph covers a barcode.

18.    The first barcode contains the account number for the Molesky Account and second barcode contains the account number for the Wichowski account.

19.    These account numbers were associated solely with the respective accounts that Capital was attempting to collect from Molesky and Wichowski, and the numbers were therefore personal identifying information related to Plaintiffs.

20.    The inclusion of an account number in a barcode that is visible on the envelope for a collection letter violates the Act. *Styer v. Professional Medical Management, Inc.* ____ F.Supp.3d____, 2015 WL 4394032 (M.D. Pa. July 15, 2015)(Nealon, J.).

21.    Barcodes can be easily deciphered by consumers using widely-available free applications that many consumers have already installed on their smartphones.

22.    By disclosing Plaintiffs' sensitive financial information on

envelopes sent through the U.S. mail, Defendant increased the risk that Plaintiffs would be victims of identity theft.

23.    Defendant also violated 15 U.S.C. § 1692f(8) of the Act, which generally prohibits the use of "any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails . . . ."

24.    Defendant violated the Act.

### *Class Action Allegations*

25.    This suit is properly maintainable as a class action pursuant to Fed.R.Civ.P. 23(b)(3).

26.    The size of the proposed class is believed to be at least 40 members and is so numerous that joinder of all of the members is impracticable. Though only Defendant knows the exact number of class members, Defendant markets itself as a massive operation that has over 2,600 employees and which has collected billions of dollars in delinquent debt. Defendant regularly attempts to collect debts from consumers in this district. The Complaint concerns mass-produced form collection letters.

27.    The proposed class is defined as all persons with addresses in the Middle District of Pennsylvania to whom, prior to the filing of this action, Defendant caused to be sent a letter which contained a barcode that

was visible from the outside of the envelope, and which barcode contained a consumer's account number.

28.    Plaintiffs' claims are typical of the class claims.

29.    Plaintiffs will fairly and adequately protect the interests of and represent the class because they have retained counsel with experience in handling class actions and claims involving the Act. Plaintiffs and their counsel have no interest that is antagonistic to the class.

30.    There are questions of law common to the class, including:

a.  whether Defendant violated 15 U.S.C. § 1692f(8) by causing collection letters to be mailed which letters displayed, on the outside of the envelopes, barcodes that contained consumers' account numbers; and

b.  the statutory damages available under 15 U.S.C. § 1692k(a)(2)(B) for the violation of the Act.

31.    There are questions of fact common to the class, including whether the standardized form collection letter and envelope that was used by Defendant and its independent letter vendor allowed barcodes containing consumers' account numbers to be visible through the envelope.

32.    The questions of law or fact common to class members predominate over any questions affecting only individual members.

33.    A class action is superior to other available methods for fairly

and efficiently adjudicating the controversy. The class members likely have little or no interest in individually controlling the prosecution of separate actions, and most are probably unaware that their rights have been violated. The maximum statutory damages a consumer can recover in an individual action under the Act are $1,000.00. It is unlikely that the management of the class claims will present any unusual difficulties. The identities of the class members may be obtained from Defendant's records.

34.    Plaintiffs are unaware of any pending litigation concerning the controversy that has already been begun by other class members.

## V. Demand for Jury Trial

Plaintiffs demand a trial by jury as to all issues so triable.

## VI. Prayer for Relief

WHEREFORE, Plaintiffs respectfully request that relief be granted as follows:

a. That an order be entered certifying the proposed class under Fed.R.Civ.P. 23 and appointing Plaintiffs and their counsel to represent the class;

b. That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

c. That the Court award costs and attorney's fees pursuant to 15 U.S.C. § 1692k(a)(2)(3); and

d. That the Court award such other and further relief as the Court deems just and proper.

Respectfully Submitted,

s/ Carlo Sabatini
Carlo Sabatini, PA 83831
Brett Freeman, PA 308834
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ecf@bankruptcypa.com

Attorneys for Plaintiffs and the Class

Exhibit A

Exhibit A

698 1/2 SOUTH OGDEN STREET
BUFFALO, NY 14206-2317



**CAPITAL MANAGEMENT SERVICES, LP**
698 1/2 South Ogden Street Buffalo, NY 14206-2317
Office Hours: M-F 8 a.m. - 10 p.m. ET
Sat 8 a.m. - 2 p.m. ET
Toll Free: 1-877-335-6949, Fax: 716-512-6046

Reference# ████9990

Original Creditor: BARCLAY BANK DELAWARE
Current Creditor: BARCLAY BANK DELAWARE
Description: Juniper
Account #: 3323
AMOUNT ENCLOSED: _____
Amount of Debt: $2723.85

████████████

T17  P1******AUTO**MIXED AADC 140

Janet A Molesky
442 W 3RD ST
WEST WYOMING, PA  18644-1718

. . . . . . . . . . . . . . . . . . . . . . . PLEASE DETACH AND RETURN TOP PORTION WITH PAYMENT . . . . . . . . . . . . . . . . . .

July 21, 2014

Dear Janet A Molesky:

This company has been engaged by BARCLAY BANK DELAWARE to resolve your delinquent debt of $2723.85.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different than the current creditor.

You may contact Capital Management Services, LP. at 698 1/2 South Ogden Street, Buffalo, NY 14206-2317 or call 1-877-335-6949 Mon. through Fri. 8 am to 10 pm ET, Sat. 8 am to 2 pm ET.  Please submit your payment and make the check or money order payable to Capital Management Services, LP to the above address.  You may also make payments online at: www.cms-trans.com.

This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

# Exhibit B

Exhibit B

698 1/2 SOUTH OGDEN STREET
BUFFALO, NY 14206-2317



**CAPITAL MANAGEMENT SERVICES, LP**
698 1/2 South Ogden Street Buffalo, NY 14206-2317
Office Hours: M-F 8 am - 9 pm ET
Sat 8 am - 1 pm ET
Toll Free: 1-877-335-6949, Fax: 716-512-6046

Reference# ████2782

Original Creditor: BARCLAYS BANK DELAWARE
Current Creditor: BARCLAYS BANK DELAWARE
Description: Extra Points Program Mastercar
Account #: 5581
AMOUNT ENCLOSED: _____
Amount of Debt: $714.34

T49 P1******AUTO**MIXED AADC 140

Michael W Wichowski
326 SPRUCE ST APT 302
SCRANTON, PA 18503-1429

---

PLEASE DETACH AND RETURN TOP PORTION WITH PAYMENT TO ADDRESS LISTED BELOW

January 22, 2015

Dear Michael W Wichowski:

This company has been engaged by BARCLAYS BANK DELAWARE to resolve your delinquent debt of $714.34.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if applicable and mail you a copy of such verification or judgment. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different than the current creditor.

You may contact Capital Management Services, LP. at 698 1/2 South Ogden Street, Buffalo, NY 14206-2317 or call 1-877-335-6949 Mon. through Fri. 8 am to 9 pm ET, Sat. 8 am to 1 pm ET Please submit your payment and make your check or money order payable to Capital Management Services, LP. at the address listed above. You may also make payments online at: www.cms-trans.com.

This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

107s5v26

Cupman-122733 let   48860 * 01-BARCLAYS BANK DELAWARE-00-b01-PA * 5648